# Exhibit "A"

1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherryl L. Madison,<br><br>  Plaintiff,<br><br>v.<br><br>First Magnus Financial Corporation;<br>Lehman Brothers Holdings, Inc.; GMAC<br>Mortgage, LLC; Transnational Financial<br>Network, Inc.; Fremont Investment &<br>Loan Company; Homecomings Financial<br>Network, LLC; Indy Mac Bank, FSB; US<br>Bank National Association; Fidelity<br>National Foreclosure Solutions; AMC<br>Mortgage Services, Inc.; Unified Capital<br>Group, Inc.; Community Lending Service,<br>Inc.; Argent Mortgage Company, LLC;<br>Litton Loans; HomeEq Servicing Inc.;<br>Washington Mutual Bank; and Mortgage<br>Electronic Systems, Inc.,<br><br>  Defendants. | No. 08-CV-1562-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss of Defendant Indymac Bank, FSB ("IndyMac"). (Dkt. # 90.) For the reasons set forth below, the Court grants Defendant's motion and dismisses Defendant Indymac from this action.

/ / /

/ / /

/ / /

## BACKGROUND

Plaintiff Sherryl Madison is an Arizona resident who allegedly owns real property in Arizona at the following addresses: (1) 24220 N. 53rd Avenue, Glendale, Arizona 85310; (2) 522 E. Glendale Avenue, Phoenix, Arizona 85020; (3) 2302 E. Lincoln Drive, Phoenix, Arizona 85016; (4) 16083 West Morning Glory Street, Goodyear, Arizona 85338; (5) 18607 N. 45th Drive, Glendale, Arizona, 85308; and (6) 7384 W. Utopia Road, Glendale, Arizona 85308. In her First Amended Complaint, Plaintiff alleges that, "[b]etween December 15, 2003 and July 2006, [she] refinanced and/or purchased [those properties]." (Dkt. # 81 ¶ 14.) Plaintiff allegedly obtained financing related to the various properties in the amounts of $428,000.00, $176,000.00, $440,800.00, $750,000.00, $261,250.00, $492,000.00, $637,000.00, and $975,000.00 from various financial institutions. The financing was obtained pursuant to promissory notes secured by deeds of trust on each property. Apparently, non-judicial trustee sales have or are being pursued in respect to all six of Plaintiff's properties due to Plaintiff's default on her promissory notes.

Defendant IndyMac is a financial institution that allegedly was or is involved in some manner with either the purchase, refinance, and/or the trustee sales of one or more of Plaintiff's properties. On July 11, 2008, the Office of Thrift Supervision closed Defendant IndyMac due to concerns over its financial viability. Consequently, substantially all of IndyMac's assets were transferred to a new institution – IndyMac Federal Bank. The Office of Thrift Supervision appointed the Federal Deposit Insurance Corporation ("FDIC") conservator of IndyMac Federal Bank.

In her First Amended Complaint ("FAC"), Plaintiff attempts to assert twenty-two causes of action, nine claims for relief, and a claim entitled "Compelling Partition" against all entities named as defendants, including Defendant IndyMac. (See id. ¶¶ 36-205.) Among the claims in the FAC are allegations that Defendant IndyMac violated various provisions of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Home Ownership Equity Protection Act, 15 U.S.C. § 1639 et seq. Although it appears

- 2 -

clear that not all Defendants are associated with each of Plaintiff's properties, (*see id.* ¶¶ 26), Plaintiff has nevertheless alleged that each of the defendants undertook the same wrongful conduct with respect to each of the six properties and with respect to all twenty-two causes of action and nine claims for relief.

On August 25, 2008, nearly two months after the closure of Defendant IndyMac, Plaintiff filed her first complaint in this action. (Dkt. # 1.) Plaintiff filed her FAC on November 20, 2008, seeking recision of the promissory notes executed in connection with the six properties and seeking damages from all Defendants jointly and severally. (Dkt. # 81 at 62.) On December 8, 2008, Defendant IndyMac Bank moved pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1821(d)(12) ("FIRREA"), to dismiss the FAC on grounds that the district court lacks jurisdiction over claims against failed banks where the administrative claims procedures enacted by FIRREA have not been exhausted.[1]

## DISCUSSION

### I.  Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction and federal subject matter jurisdiction must exist at the time an action is commenced. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Because of its import, lack of subject matter jurisdiction may be raised at any time by any party or by the court. *See* Fed. R. Civ. P. 12(h); *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1] Defendant IndyMac alternatively argues for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). However, because subject matter jurisdiction is presently lacking with respect to Defendant IndyMac, the Court declines to reach the merits of Defendant's 12(b)(6) arguments.

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. Given the nature of a facial attack, a court is required to accept the allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988); *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). A court, however, need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Id.* (quotation omitted).

## II. Analysis

Defendant IndyMac Bank argues that "the Court does not have subject matter jurisdiction over Plaintiff's claims against IndyMac[] because Plaintiff has not exhausted her administrative remedies against IndyMac pursuant to [FIRREA]." (Dkt. # 117 at 2.) 12 U.S.C. § 1821(d)(13)(D) provides:

> Except as otherwise provided in this subsection, no courts shall have jurisdiction over—
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

"Jurisdiction over claims covered by section 1821(d)(13)(D) is 'otherwise provided' in § 1821 only after completion of the claims procedures outlined in §§ 1821(d)(6)(A) and (d)(8)(C)." *Feise v. Resolution Trust Corp.*, 815 F. Supp. 344, 346 (E.D. Cal. 1993) ("The language 'except as otherwise provided' indicates that Congress expressly withdrew jurisdiction from courts over any claim to a failed institution's assets made outside the statutory claims procedure."); *see also McCarthy v. F.D.I.C.*, 348 F.3d 1075, 1078 (9th Cir.

2003) ("The phrase 'except as otherwise provided in this subsection' refers to a provision that allows jurisdiction after the administrative claims process has been completed.").

> The effect of these provisions, read together, is to require anyone bringing a claim against or seeking a determination of rights with respect to the assets of a failed bank held by the FDIC as receiver to first exhaust administrative remedies by filing an administrative claim under the FDIC's administrative claims process. As the First Circuit explained, "FIRREA makes participation in administrative claims review process mandatory for all parties asserting claims against failed institutions," and "where a claimant has . . . failed to initiate an administrative claim within the filing period, the claimant necessarily forfeits any right to pursue a claim against the failed institution's assets in any court." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1151-52 (1st Cir. 1992) (citation omitted). Section 1821(d)(13)(D) thus acts as a jurisdictional bar to claims or actions by parties who have not exhausted their § 1821(d) administrative remedies.

*Freeman v. F.D.I.C.*, 56 F.3d 1394, 1400 (9th Cir. 1995) (quotation omitted).

Here, neither party argues that Plaintiff's complaint is not a claim against the assets of a depository institution for which the FDIC is now acting as conservator. *See Lloyd v. F.D.I.C.*, 22 F.3d 335, 337 (1st Cir. 1994) (holding that a suit by a debtor seeking equitable reformation or cancellation of a mortgage agreement is a "determination of rights with respect to [] the assets" subject to §1821(d)(13)(D)). Although Plaintiff does not dispute the applicability of § 1821(d)(13)(D), Plaintiff appears to argue that she is immune from the jurisdictional requirements of FIRREA because: (1) "the dispute started before the bank's failed status was reported" and (2) both federal question and diversity jurisdiction exist. (Dkt. # 111 at 1, 3.)

The Ninth Circuit has held that administrative process exhaustion is required under FIRREA before a district court retains jurisdiction over claims against a failed bank for which the FDIC is acting as receiver, regardless of whether an action is commenced before or after the FDIC is appointed. *Intercontinental Travel Mktg., Inc. v. F.D.I.C.*, 45 F.3d 1278, 1282 (9th Cir. 1994). Therefore, to the extent that Plaintiff argues immunity from § 1821(d)(13)(D) based on the fact that her dispute with Defendant IndyMac began prior to the bank's failure, the argument has no merit. Notably, despite the allegations that the dispute existed prior to this suit's commencement, the current action was commenced nearly two

months *after* Defendant IndyMac failed. Consequently, Plaintiff's argument is not relevant to whether § 1821(d)(13)(D) applies to her claims against Defendant IndyMac.

Likewise, Plaintiff's second argument – that jurisdiction exists independent of § 1821(d)(13)(D) based on diversity and based on her assertion of a federal claim – has no merit. The Ninth Circuit's interpretation of FIRREA makes clear that § 1821(d)(13)(D) imposes statutory limitations on a court's jurisdiction regardless of whether a traditional jurisdictional basis exists. *See Intercontinental*, 45 F.3d at 1282 (holding that the district court lacks jurisdiction to consider claims against a failed financial institution unless they are brought before the FDIC); *Henderson v. Bank of New England*, 986 F.2d 319, 320 (9th Cir. 1993) ("Section 1821(d)(13)(D) strips all courts of jurisdiction over claims made outside the administrative procedures of section 1821 . . . .").

Therefore, Plaintiff cannot advance claims against Defendant IndyMac in this Court until the administrative procedures of § 1821 have been fully exhausted. Pursuant to Federal Rule of Civil Procedure 12(b)(1), Plaintiff has the burden to show "affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction," either by pleading those facts or by extrinsic evidence. *Smith v. McCullough*, 270 U.S. 456, 459 (1926). As Plaintiff has failed to present any extrinsic evidence on the matter, the Court has examined Plaintiff's FAC and concludes that Plaintiff has failed to sufficiently allege the exhaustion of administrative process under FIRREA sufficient to permit jurisdiction over the matter.

## CONCLUSION

Because Plaintiff failed to sufficiently plead or otherwise demonstrate exhaustion of the administrative procedure required under FIRREA, this Court does not presently have jurisdiction over Plaintiff's claims asserted against Defendant IndyMac.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss Defendant IndyMac Bank (Dkt. # 90) is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(1).

///

///

///

**IT IS FURTHER ORDERED** directing the Clerk of the Court to dismiss Defendant IndyMac Bank, FSB from this action.

DATED this 12th day of March, 2009.

*/s/ H. Murray Snow*
G. Murray Snow
United States District Judge

# Exhibit "B"

When recorded mail to:

Name: _____

Address: _____

_____

City/State/Zip: _____

_____

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2009-0389815 05/01/09 10:20 AM
3 OF 8
FONTESM

this area reserved for county recorder

## *CAPTION HEADING:*

_____

## DO NOT REMOVE

This is part of the official document.

Case 2:08-cv-01562-GMS    Document 5    Filed 08/25/2008    Page 1 of 2

```
☑ FILED      ___ LODGED
___ RECEIVED ___ COPY

    AUG 2 5 2008

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ DEPUTY
```

SHERRYL L. MADISON
20280 North 59th Avenue, Ste. 115-217
Glendale, Arizona 85308

Phone: 602-741-0891

In Propia Persona

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

In the Matter of:

SHERRYL L. MADISON,

    Plaintiff,

VS.

First Magnus Financial Corporation, Et. Al.

    Defendants.

Case No.:

**CV'08 01562 PHX DKD**

CIVIL ACTION

NOTICE OF LIS PENDENS
PURSUANT TO A.R.S. 12-1191 (A)

(QUIET TITLE)

**TO WHOM IT MAY CONCERN:**

Pursuant to A.R.S. 12-1191 (A) and applicable Federal Statutes, Notice is hereby given of the commencement and pendency of the above-entitled Civil Action, general objects of which are (1) the enforcement of Plaintiff Sherryl L. Madison's rights with regard to the property located at 16083 West Morning Glory Street, Glendale, Arizona 85338. Legally described as Lot 499, Wildflower Ranch Unit IV, According to Book 447 of Maps, Page 16, Records of Maricopa County Arizona.

(2) TRANSFER OF TITLE TO THAT PROPERTY TO Plaintiff, Sherryl L. Madison; (3) as a direct and proximate cause of the Defendants' violation of Arizona

1

State and Federal Laws and with regard to the property in favor of Plaintiff, Sherryl Madison.

DATED this 25th day of August 2008.

Sherryl Madison UCC 1-308, without Recourse, Prejudice
Petitioner, In Propria Persona

I hereby attest and certify on 5/1/09 that the foregoing document is a full, true and correct copy of the original on file in my office and in my custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA

by _____ Deputy

2

20090389815
OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL

The foregoing instrument is
a full, true and correct
copy of the original record
in this office.
Attest: 07/20/2009  05:56:19 PM

By _____ Recorder

**Exhibit "C"**

RECORDING REQUESTED BY )
SHERRYL MADISON )
AND WHEN RECORDED MAIL TO: )

Taj Madison-Nelson )
24220 N. 53RD AVE )
GLENDALE, AZ 85310 )
)
)
)
)

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2008-0616382 07/15/08 11:05 AM
1 OF 6
MIRAMONTESA

space above this line for recorder's use

## QUIT CLAIM DEED

THE GRANTOR(S) <u>SHERRYL MADISON</u> FOR AND IN CONSIDERATION OF **$10.00 - TEN DOLLARS** CONVEY AND QUIT CLAIM TO THE GRANTEE(S) <u>TAJUDDIN GITHIAGA MADISON-NELSON</u> THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF **MARICOPA,** STATE OF **ARIZONA** TOGETHER WITH ALL AFTER ACQUIRED TITLE OF THE GRANTOR(S) THEREIN (LEGAL DESCRIPTION): LOT 499, WILDFLOWER RANCH UNIT IV, ACCORDING TO BOOK 447 OF MAPS, PAGE 16, RECORDS OF MARICOPA COUNTY, ARIZONA.

DATED 7/15/08

EXEMPT PER ARS 11-1134 B3

GRANTOR/Sherryl Madison

State of Arizona
County of Maricopa

On this day personally appeared before me Sherryl Madison
Grantor(s), to me known to be the individual(s) described in his/her/their free and voluntary act and deed for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this 15 day of July, 20 08.

NOTARY PUBLIC in and for the State of Arizona

RESIDING AT Wells Fargo Bank, MY COMMISSION EXPIRES: Jan 2 2009



KERRY PAIGE
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
January 2, 2009



20080616382
OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL

The foregoing instrument is
a full, true and correct
copy of the original record
in this office.
Attest: 07/20/2009  05:56:19 PM

By _____ Recorder

# Exhibit "D"

AND WHEN RECORDED MAIL TO:

PINK DIAMOND TRUST
C/O 443 ELLIS ST.
[13210] SYRACUSE
NEW YORK, DEJURE U.S.A.

LOAN # 1000142928



OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2009-0390204 05/01/09 11:24 AM
2 OF 4                    BARCINC

MIN # 1000285-1000142928-5

SPACE ABOVE THIS LINE FOR RECORDER'S USE
Pursuant to A.R.S. 11-1134 Exempt B3

STATE OF ARIZONA
COUNTY OF MARICOPA

# NOTICE OF SUBSTITUTION OF TRUSTEE AND
# DEED OF RELEASE AND RECONVEYANCE

WHEREAS, THE INDEBTEDNESS SECURED BY THE DEED OF TRUST EXECUTED BY SHERRYL L. MADISON, TRUSTOR, TO COMUNITY LENDING, INCORPORATED, DATED 07/10/2007, AND RECORDED 07/11/2007, IN DOCKET 2007-0790510, PAGE 16 OF OFFICIAL RECORDS IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, STATE OF ARIZONA, HAS BEEN FULLY SATISFIED.

PROPERTY ADDRESS: 16083 W. MORNING GLORY ST, GOODYEAR, ARIZONA 85338    AP# 500-05-582 1

THE UNDERSIGNED BENEFICIARY HEREBY APPOINTS INDYMAC BANK, FSB IN ARIZONA WHOSE ADDRESS IS P.O. BOX 4045 KALAMAZOO, MI 49003 SUCCESSOR TRUSTEE UNDER THE ABOVE MENTIONED DEED OF TRUST.

NOW, THEREFORE THE TRUSTEE(S) UNDER THE SAID DEED OF TRUST DO(ES) HEREBY RELEASE AND RECONVEY, WITHOUT COVENANT OF WARRANTY EXPRESS OR IMPLIED, UNTO THE PARTIES LEGALLY ENTITLED THERETO ALL RIGHTS, TITLE AND INTEREST WHICH WAS HERETOFORE ACQUIRED BY SAID TRUSTEE(S) UNDER SAID DEED OF TRUST.

DATED ON    03/18/2009

INDYMAC BANK, F.S.B.
BENEFICIARY

BY: _____
SHERRYL L. MADISON
ATTORNEY IN FACT

BY: _____
SHERRYL L. MADISON, ATTORNEY IN FACT
INDYMAC BANK, F.S.B.

---

State of ARIZONA       } SS
County of MARICOPA

This instrument was acknowledged before me this 18TH day in March, 2009 by SHERRYL L. MADISON.

_____
Notary Public

My commission will expire 8/31/09

20090390204
OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL

The foregoing instrument is
a full, true and correct
copy of the original record
in this office.
Attest: 07/20/2009  05:56:19 PM

By [signature] Recorder