**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Home Loan Mortgage Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Sherryl L. Madison,<br><br>    Defendant. | No. CV-09-1508-PHX-GMS<br><br>**ORDER** |

Plaintiff Federal Home Loan Mortgage Corporation a/k/a Freddie Mac ("Freddie Mac") filed an Application for an Order to Show Cause as to why the Court should not invalidate the deed of release and reconveyance and the lis pendens filed by Defendant Sherryl Madison ("Madison"). (Dkt. # 29.) The Court granted the Application and held a show cause hearing on May 25, 2010. For the following reasons, the Court orders that the lis pendens is void and that the deed of release and reconveyance is invalid.[1]

**I.  Factual Background**

In July 2007, Madison obtained from ComUnity Lending, Inc. ("ComUnity") a refinanced loan for the purchase of a parcel of real property in Goodyear, Arizona. Madison refinanced two underlying loans, and, in exchange, she executed a promissory note in favor

---

[1] At Plaintiff's request, the Court does not yet rule on whether Plaintiff is entitled to damages under A.R.S. § 33-420(A). Nothing in this Order, however, prevents Plaintiff from seeking such an award.

of ComUnity. The promissory note was secured by a deed of trust. ComUnity then transferred the servicing of the promissory note to IndyMac Bank, FSB ("IndyMac"), and Madison was notified that she should make payments directly to IndyMac. Madison, however, allegedly failed to make payments to IndyMac. ComUnity then assigned to IndyMac all of its beneficial interest under the deed of trust, and IndyMac, because it had not received payments from Madison, initiated a deed of trust sale.

Before the deed of trust sale could take place, Madison filed a lawsuit against IndyMac in Arizona state court in March 2008—the lawsuit was eventually voluntarily dismissed. On July 11, 2008, however, while the case was still pending, the Office of Thrift Supervision closed IndyMac and transferred the assets to IndyMac Federal. The Office then appointed the Federal Deposit Insurance Corporation as the conservator of IndyMac Federal.

On July 15, 2008, Madison executed and recorded a quitclaim deed conveying her interest in the property to Taj Madison-Nelson. The quitclaim deed purported to convey the "real estate . . . together with all after acquired title" to Mr. Madison-Nelson. (Dkt. # 29, Ex. E.) On August 25, 2008, after conveying her interest in the property, Madison filed claims against IndyMac and Indymac Federal in this Court. (2:08-cv-01562-GMS, Dkt. # 1.) On March 12, 2009, this Court dismissed these claims because of a failure to exhaust administrative remedies. (*Id.*, Dkt. # 141.)

Later, Mortgage Electronic Registration Systems, Inc., as the nominee for IndyMac Federal, assigned its beneficial interest under the deed of trust to Freddie Mac. On May 1, 2009, nearly two months after Madison's claims in federal court were dismissed, Madison recorded a notice of lis pendens regarding the property. At the same time, Madison recorded a deed of release and reconveyance, purporting to give notice to the public that Madison's "indebtedness secured by the deed of trust . . . has been fully satisfied." (Dkt. # 29, Ex. F.) Madison signed the deed of release and reconveyance as the "attorney in fact" for IndyMac Federal. Freddie Mac, however, asserts that the deed of trust has never been satisfied and that Madison never had authorization from IndyMac or IndyMac Federal to assert that the deed of trust had been satisfied or to sign as an "attorney in fact" for either entity.

On May 29, 2009, Madison filed her Second Amended Complaint against, among other defendants, IndyMac and IndyMac Federal. (2:08-cv-01562-GMS, Dkt. # 181.) The Court again dismissed all claims against IndyMac and IndyMac Federal because the Second Amended Complaint failed to allege that Madison had exhausted her administrative remedies. (*Id.*, Dkt. # 257.)

**DISCUSSION**

**A. The Lis Pendens**

"In an action affecting title to real property, [a party] may file . . . a notice of the pendency of the action or defense." A.R.S. § 12-1191(A). Under A.R.S. § 33-420(B), a lis pendens is invalid if it is "forged, groundless, contains a material misstatement or false claim or is otherwise invalid." A lis pendens is "groundless" if the underlying action has "no arguable basis." *Mining Inv. Group v. Roberts*, 217 Ariz. 635, 640, 177 P.3d 1207, 1212 (App. 2008). Here, Madison executed and recorded a quitclaim deed conveying her interest in the property to Mr. Madison-Nelson on July 15, 2008. Madison quitclaimed this interest before she filed her initial Complaint in this Court on August 25, 2008. At the time Madison filed the Complaint, therefore, she knew that she already quitclaimed her interest in the property allegedly at issue.

Madison asserts that, despite the quitclaim deed, she retained an interest in the property—apparently, some sort of mortgage. The documents before the Court, however, do not support a finding that a security interest exists. A mortgage is defined as a "transfer of an interest in real property . . . made only as a security for the performance of another act." A.R.S. § 33-702(A). In determining whether a conveyance, like the quitclaim deed in this case, qualifies as a mortgage depends on the parties' intent, and the Court may consider extrinsic evidence in making this determination. *Downs v. Ziegler*, 13 Ariz. App. 387, 389–90, 477 P.2d 261, 263–64 (1970).

Madison offers a promissory note, dated March 1, 2008, under which Mr. Madison-Nelson purportedly owes Madison $4,000,000. The note further refers to a supposedly contemporaneous deed establishing a security interest: "The secured collateral for the

1 promissory note consist of real property attached to this document in the form of a deed."
2 The note provided to the Court, however, includes no such attached deed. The only deed
3 provided is the quitclaim deed dated July 15, 2008, executed over four months after the note
4 was executed. Moreover, while a mortgage secures an existing debt, the quitclaim deed here
5 does not appear to secure anything or even to make reference to the $4,000,000 debt in the
6 note. *See Pioneer Annuity Life Ins. Co. by Childers v. Nat'l Equity Life Ins. Co.*, 159 Ariz.
7 148, 155, 765 P.2d 550, 557 (App. 1988) ("[A] mortgage is meaningless without an
8 underlying indebtedness.") To the contrary, the deed states that Madison transferred the
9 property to Mr. Madison-Nelson as part of a separate sale "for and in consideration of $10.00
10 - ten dollars." It appears, therefore, that the deed was not meant as a security interest because
11 the deed conveyed the property to Mr. Madison-Nelson outright. *See Paloma Inv. Ltd. P'ship
12 v. Jenkins*, 194 Ariz. 133, 138, 987 P.2d 110, 115 (App. 1998) ("The [agreement] did not
13 convey an interest as security for payment: It conveyed the interest outright. No type of
14 mortgage or lien was involved."). Thus, the combination of the deed and note did not allow
15 Madison to retain any interest in the property.

16 Even if there was some other evidence that Madison and Mr. Madison-Nelson had
17 intended to create a mortgage in favor of Madison, the nature of the transaction demonstrates
18 that it is a sham. Madison contends that Mr. Madison-Nelson owes Madison $4,000,000.
19 Apparently, to protect her ability to receive payment, Madison asserts that *she deeded* the
20 property *to Mr. Madison-Nelson*. Madison offers no explanation or documentation as to how
21 such a series of transactions would protect her interest at all, and, therefore, no mortgage was
22 created. Accordingly, because the filing of the lis pendens was groundless, the lis pendens
23 is void. Even if there had been an initial basis for filing the lis pendens, Madison now lacks
24 any such basis because her claims relating to the Goodyear property have been dismissed.
25 Thus, there is no action affecting title to the real property.

### B. The Deed of Release and Reconveyance

27 Madison filed the deed of release and reconveyance stating that her indebtedness had
28 been fully satisfied. Madison seemingly filed it as a method to release herself from any

liability to pay and, therefore, to support her claim that she maintained an interest in the property. Madison signed the document as the "attorney in fact" for IndyMac Federal. In reality, of course, Madison lacked any authority to file documents on behalf of IndyMac or IndyMac Federal. Madison, therefore, filed the deed of release knowing that it was forged, groundless, contained a material misstatement relating to her ability to sign, and was, as a whole, invalid. *See* A.R.S. § 33-420(A); *cf. Crow v. White*, 2009 WL 3154809 at *5 (Ariz. Ct. App. Sept. 30, 2009) (stating that the recording of a deed under A.R.S. § 33-420 is groundless when the recording party's claim of ownership is baseless). The Court hereby declares that the deed of release and reconveyance is groundless.

**IT IS THEREFORE ORDERED** that the lis pendens (Maricopa County recording number 20090389815) and the deed of release and reconveyance (Maricopa County recording number 20090390204) are both groundless. The lis pendens is void and of no effect.

DATED this 3rd day of June, 2010.

_____
G. Murray Snow
United States District Judge